## FONDA CRAYTON V. STATE

No. 33,724.  November 22, 1961
Motion for Rehearing Overruled January 10, 1962

*Bill Hall,* Littlefield, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for transporting whisky and vodka in a dry area with a prior conviction of an offense of a like character alleged for enhancement; the punishment, 120 days in jail and a fine of $1000.

Proof was offered that Lamb County was a dry area, and the alleged prior conviction was properly shown.  Further, the appellant, while testifying, admitted that he had been so convicted.

The testimony of Deputy Sheriff McNeese, Constable Drake, and the appellant shows that the officers, while driving an automobile, pursued the appellant, who was alone in his automobile, along a paved public highway in Lamb County for about three miles, and then for more than two miles on a dirt road, until appellant's car entered and became bogged down in a field where he was apprehended by the officers. The officers testified that the appellant was seen driving from 110 to 115 miles per hour, on the highway, which speed he reduced some after turning on the dirt road. The appellant testified that his speed during the time was from 55 to 60 miles per hour. While testifying, the appellant admitted that he had 48 half pints of whisky and vodka in his car during the chase. He stated that he threw some of it out because he thought that it would be better to get rid of it as he was a colored man. The testimony of the officers shows that they saw the appellant throw some of the whisky out of the car and the other was in the car when he was apprehended.

Testifying in his own behalf, the appellant admitted that he transported the whisky and vodka, but said that he had it for his own consumption, and that frequently he gave some of his friends a drink. He further testified that he bought it in a wet area, in Castro County, and was taking it to his home in Lamb County. In explaining the quantity, he said that it was cheaper to buy as he did than from a bootlegger, and also he did not have to make as many trips to the wet area for it. Two witnesses called by the appellant testified that he had given them drinks of whisky and also to other persons.

In the court's charge, the appellant's defense which he had raised by his testimony, in accordance with Art. 666-23a(1), V.A.P.C., was submitted to the jury. It instructed them to find the appellant not guilty if they believed, or had a reasonable doubt thereof, that the appellant was transporting the intoxicants which he had legally purchased in a wet area to his home for his own consumption.

Error is urged on the ground that the state was permitted to offer testimony of another separate and distinct offense or offenses committed by the appellant. He argues that they consisted of speeding and two other traffic offenses.

In the absence of the jury, the appellant offered evidence that he was charged in justice court with committing three traffic violations on the same date of the commission of the alleged

offense on trial. No evidence of such charges being filed was introduced before the jury. The testimony showing any traffic violations by the appellant while the officers were pursuing him was admissible in evidence for the purpose of showing the legality of the arrest and search.

The complaint made of Deputy Sheriff McNeese being permitted to draw a diagram while testifying, showing the highway and roads traveled by them in pursuing the appellant, does not show any prejudice, hence no error is shown.

The objection to the question and answer during the examination of Officer McNeese showing that a man could have thrown whisky from the road into a field, on the ground that it was a conclusion, shows no error as the question was withdrawn, and the court instructed the jury not to consider the answer as any evidence.

Appellant complains of the testimony of Officer McNeese which shows that had he been able to pull up beside the appellant he would have tried to pull him over against his objection that it was supposition and prejudicial.

It is evident that the facts and circumstances in evidence showing the pursuit and apprehension of the appellant would reasonably warrant such a deduction and conclusion by an ordinary person. No error is perceived.

Eliciting testimony from the appellant on cross-examination about the appeal and affirmance of the prior conviction alleged, which had been previously shown by proof and which he had already admitted while testifying, without objection, shows no error.

The appellant complains of Officer McNeese's reply to the question asking if he had forced the appellant to turn west on to the dirt road. The officer answered: "No, sir, I did not sir. The only way was me getting so close to him that he had to", and this reveals no error.

The remaining contentions of the appellant have been considered, and they do not show error.

The jury resolved the issue of fact against the appellant, and the evidence is sufficient to sustain their verdict.

The judgment is affirmed.

Opinion approved by the Court.